Federico C. Sayre, Esq. (CA Bar No. 67420)
Boris Treyzon, Esq. (CA Bar No. 188893)
Darren D. Darwish, Esq. (CA Bar No. 305797)
**ABIR COHEN TREYZON SALO, LLP**
1901 Avenue of the Stars, Suite 935
Los Angeles, California 90067
Telephone: (424) 288-4367 / Fax: (424) 288-4368
*Admitted Pro Hac Vice*
*Attorneys for Plaintiffs*

Matthew Q. Callister, Esq. (NV Bar No. 1396)
Mitchell S. Bisson, Esq. (NV Bar No. 11920)
**CALLISTER LAW**
330 E. Charleston Blvd., Suite 100
Las Vegas, Nevada 89104
Telephone: (702) 333-3334 / Fax: (702) 385-2899
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF TASHI S. FARMER a/k/a TASHII FARMER a/k/a TASHII BROWN, by and through its Special Administrator, Lorin Michelle Taylor; TAMARA BAYLEE KUUMEALI'MAKAMAE FARMER DUARTE, a minor, individually and as Successor-in-Interest, by and through her legal guardian, Stevandra Lk Kuanoni; ELIAS BAY KAIMIPONO DUARTE, a minor, individually and as Successor-in-Interest, by and through his legal guardian, Stevandra Lk Kuanoni, <br><br> Plaintiffs, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER KENNETH LOPERA, individually and in his Official Capacity; SERGEANT TRAVIS CRUMRINE, individually and in his Official Capacity; OFFICER MICHAEL TRAN, individually and in his Official Capacity; OFFICER MICHAEL FLORES, individually and in his Official Capacity; and Does 1 through 50, inclusive, <br><br> Defendants. | Case No.: 2:17-cv-01946-JCM-PAL <br><br> **FIRST AMENDED COMPLAINT** <br><br> 1. **VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983** <br> 2. **VIOLATION OF CIVIL RIGHTS – *MONELL* CLAIM** <br> 3. **VIOLATION OF CIVIL RIGHTS – FAMILIAL RELATIONSHIP** <br> 4. **VIOLATION OF CIVIL RIGHTS FAMILIAL RELATIONSHIP (*MONELL* CLAIM)** <br> 5. **NEGLIGENCE – WRONGFUL DEATH** <br> 6. **BATTERY** <br><br> **DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT

COMES NOW, the ESTATE OF TASHI S. FARMER a/k/a TASHII FARMER a/k/a TASHII BROWN, by and through its Special Administrator, Lorin Michelle Taylor; TAMARA BAYLEE KUUMEALI'MAKAMAE FARMER DUARTE, a minor, individually and as Successor-in-Interest, by and through her legal guardian, Stevandra Lk Kuanoni; and ELIAS BAY KAIMIPONO DUARTE, a minor, individually and as Successor-in-Interest, by and through his legal guardian, Stevandra Lk Kuanoni, by and through their attorneys, and hereby file the instant First Amended Complaint against the above-named Defendants, alleging as follows:

## INTRODUCTION

1.      On or about May 14, 2017, Tashi Farmer ("Decedent Farmer"), an unarmed black male, approached two uniformed police officers, one of whom was Defendant Officer Kenneth Lopera, inside The Venetian Resort Hotel Casino in Las Vegas.  When Decedent Farmer attempted to seek help, Defendant Officer Kenneth Lopera escalated his encounter with Decedent Farmer into a conflict, and eventually deployed excessive force, killing Decedent Farmer.

2.      Plaintiffs seek judgment against Defendants Las Vegas Metropolitan Police Department, Officer Kenneth Lopera, Sergeant Travis Crumrine, Officer Michael Tran, Officer Michael Flores, and Does 1 through 50 (collectively referred to herein as "Defendants") for the wrongful death as the result of a neck restraint of Decedent Farmer by Defendant Officer Kenneth Lopera and Defendants Sergeant Travis Crumrine's, Officer Michael Tran's, and Officer Michael Flores' failure to intervene and intercede to prevent Defendant Officer Kenneth Lopera's use of excessive force.

## THE PARTIES

3.      Plaintiff Estate of Tashi S. Farmer a/k/a Tashii Farmer a/k/a Tashii Brown ("Estate of Tashi Farmer") appears by and through its Special Administrator, Lorin Michelle Taylor, and may maintain causes of action and recover damages for the value of Decedent Farmer's life and pain and suffering.

4.      Plaintiff Tamara Baylee Kuumeali'Makamae Farmer Duarte ("Tamara Duarte"), a minor, is an heir to Decedent Farmer.

///

5.      Plaintiff Elias Bay Kaimipono Duarte ("Elias Duarte"), a minor, is an heir to Decedent Farmer.

6.      Plaintiffs Tamara Duarte and Elias Duarte appear by and through their legal guardian, their mother, Stevandra Lk Kuanoni, under Nev. Rev. Stat. § 12.080.

7.      Plaintiff Estate of Tashi Farmer, Tamara Duarte, and Elias Duarte are collectively referred to herein as "Plaintiffs."

8.      At all times herein mentioned, Defendant Las Vegas Metropolitan Police Department ("LVMPD") was a governmental entity organized and existing under the laws of the State of Nevada.

9.      Defendant Officer Kenneth Lopera ("Officer Lopera") was, at all relevant times, a police officer employed by Defendant LVMPD and acting in the course and scope of his employment and acting under the color of law.

10.      Defendant Sergeant Travis Crumrine ("Sergeant Crumrine") was, at all relevant times, a police officer employed by Defendant LVMPD and acting in the course and scope of his employment and acting under the color of law.

11.      Defendant Officer Michael Tran ("Officer Tran") was, at all relevant times, a police officer employed by Defendant LVMPD and acting in the course and scope of his employment and acting under the color of law.

12.      Defendant Officer Michael Flores ("Officer Flores") was, at all relevant times, a police officer employed by Defendant LVMPD and acting in the course and scope of his employment and acting under the color of law.

13.      Plaintiffs are unaware of the true names and capacities of the Defendants named herein as Does 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this First Amended Complaint to allege the true names and capacities of said Defendants when the same are ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously-named Defendants are legally responsible in some manner for the events alleged in this First Amended Complaint, and Plaintiffs' damages and injuries as herein alleged were caused by the conduct of said Defendants.

**JURISDICTION, VENUE, AND NOTICE**

14.     This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

15.     On or about June 6, 2017, Plaintiffs, through their counsel, submitted a letter of representation and notice of claim to Defendant LVMPD pursuant to Nev. Rev. Stat. § 41.036.

**FACTUAL BACKGROUND**

16.     On or about May 14, 2017, at approximately 12:50 a.m., Decedent Farmer, a black male, peacefully approached Defendant Officer Lopera, a white male, and his partner, Officer Lif, at The Venetian Resort Hotel Casino ("The Venetian") located at 3355 Las Vegas Blvd. South, Las Vegas, Nevada 89109. At all relevant times, Defendant Officer Lopera was acting within the course and scope of his duty as an employee of Defendant LVMPD.

17.     Decedent Farmer sought help from Defendant Officer Lopera and Officer Lif, stating that he was being chased by an unknown individual.  He expressed symptoms of mental confusion and appeared to be suffering from a mental disorder.   During this time, there was no indication that Decedent Farmer caused any harm to any persons or caused any property damage, or that he presented an immediate threat of death or serious bodily injury to anyone, including Defendant Officer Lopera and Officer Lif.  At all relevant times, Decedent Farmer was unarmed.

18.     Instead of providing help, Decedent Farmer was treated as a suspect.  Decedent Farmer became frightened and attempted to run from the officers and was chased by Defendant Officer Lopera through a hallway and eventually to the outside roadway on The Venetian property.

19.     During the pursuit, Defendant Officer Lopera alleges that Decedent Farmer was attempting to steal a passing vehicle.  However, Decedent Farmer did not attempt to either open the tailgate of the vehicle nor did he attempt to open the driver's side door.

20.     Once Defendant Officer Lopera caught up to Decedent Farmer outside, Defendant Officer Lopera deployed and discharged his Electronic Control Device ("ECD"), i.e. Taser, causing neuromuscular incapacitation, or "NMI."  Defendant Officer Lopera utilized his ECD several times thereafter.  Defendant Officer Lopera utilized his ECD a total of seven times.

21.     Subsequently, Defendant Officer Lopera holstered his ECD and proceeded to deliver several blows to Decedent Farmer's face and head while Decedent Farmer was on the ground.  Plaintiffs are informed and believe that Defendant Officer Lopera struck Decedent Farmer in the head approximately 10 to 12 times.

22.     After tasing Decedent Farmer seven times and striking him approximately a dozen times in the head, Defendant Officer Lopera administered a neck restraint known as the Lateral Vascular Neck Restraint, approved and taught by Defendant LVMPD.  Decedent Farmer was held in the neck restraint for over one minute.

23.     Defendants Sergeant Crumrine, Officer Tran, and Officer Flores were present at the time of the use of force by Defendant Officer Lopera.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores observed, were aware, or should have been aware, that Defendant Officer Lopera was using excessive force.  During Defendant Officer Lopera's application of the neck restraint, Defendants Sergeant Crumrine, Officer Tran, and Officer Flores failed to intervene and intercede to prevent the use of such excessive force by Defendant Officer Lopera.

24.     At the time of the incident, Defendant Sergeant Crumrine was Defendant Officer Lopera's commanding officer.  When Defendant Sergeant Crumrine arrived at the scene of the incident, Defendant Officer Lopera, within seconds, administered the neck restraint on Decedent Farmer.  Nearly thirty-seconds after the neck restraint was administered by Defendant Officer Lopera, Defendant Sergeant Crumrine stated, "Let him go, [Defendant Officer Lopera]," a direct determination by Defendant Sergeant Crumrine that the use of the neck restraint was unnecessary and constituted excessive force.  Defendant Offer Lopera continued to administer the neck restraint for over thirty-seconds longer until it was released.  Defendant Sergeant Crumrine was present and observed Defendant Officer Lopera application of the neck restraint.  Defendant Sergeant Crumrine, as an officer and Defendant Officer Lopera's commanding officer, failed to intervene and intercede to prevent the use of such excessive force at any time while Defendant Officer Lopera continued to apply the neck restraint.

///

///

4

FIRST AMENDED COMPLAINT

25.     Similarly, Defendants Officer Tran and Officer Flores arrived at the scene of the incident during Defendant Officer Lopera's application of the neck restraint.  At the time of the incident, Defendant Sergeant Crumrine was Defendants Officer Tran's and Officer Flores' commanding officer.  Defendants Officer Tran and Officer Flores handcuffed Decedent Farmer and observed Decedent Farmer unconscious while Defendant Officer Lopera was applying the neck restraint. Defendants Officer Tran and Flores, who witnessed Decedent Farmer unconscious while being placed in a neck restraint, were required to intervene and intercede to prevent Defendant Officer Lopera from continuing to apply the neck restraint.  Defendants Officer Tran and Flores failed to intervene and intercede to prevent the use of such excessive force at any time while Defendant Officer Lopera continued to apply the neck restraint.

26.     Despite Decedent Farmer being handcuffed and under the control of four different officers, Decedent Farmer continued to be placed in the neck restraint.  Even with the addition of Defendants Officer Tran and Officer Flores, Defendant Sergeant Crumrine, as the commanding officer at the time of the incident, failed to assess the surrounding events and intervene and intercede to prevent the use of such excessive force.

27.     Under Defendant LVMPD's use of force policy, "[a]ny officer present and observing another officer using force that is clearly beyond that which is objectively reasonable under the circumstances shall, when in a position to do so, safely intercede to prevent the use of such excessive force.  Officers shall promptly report these observations to a supervisor."

28.     The Fourth Amendment of the United States Constitution protects individuals, such as Decedent Farmer, from unlawful actions of peace officers.  Any officers who fail to intervene and intercede are also held accountable under the United States Code.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores each had a duty to intervene and intercede to prevent the use of excessive force being administered by Defendant Officer Lopera.  Defendant Officer Lopera used force which was clearly beyond that which is objectively reasonable under the circumstances.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores failed to intervene and intercede to prevent such use of excessive force thereby violating Defendant LVMPD's use of force policy and, what is more, the protections afforded to Decedent Farmer

under the Fourth Amendment of the United States Constitution.  While Defendant LVMPD has implemented and maintained a policy of its officers owing a duty to intervene, Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendants Sergeant Crumrine, Officer Tran, and Officer Flores, on how to properly and effectively intervene and intercede to prevent the use of excessive force.  Had Defendant LVMPD properly trained its officers in intervening and interceding to prevent the use of excessive force, Decedent Farmer's tragic and preventable death could have been prevented.

29.     Upon Defendant Officer Lopera's release of the neck restraint, Decedent Farmer was rendered unconscious.  Shortly thereafter, Decedent Farmer was pronounced dead at Sunrise Hospital & Medical Center.

30.     Decedent Farmer should have never been treated as a suspect.  He was a victim.  It should have been recognized by the officers that he was mentally confused and exhibiting symptoms of a mental disorder.  They should have responded appropriately to his mental disorder.  At all relevant times, Decedent Farmer was unarmed, had committed no crime, and was not a threat to the safety of anyone, including Defendants Officer Lopera, Sergeant Crumrine, Officer Tran, and Officer Flores.

31.     The wrongful acts alleged herein above of Defendant Officer Lopera were the direct cause of Decedent Farmer's death.  The immediate cause of Decedent Farmer's death was determined by the coroner as "asphyxia due to, or as a consequence of police restraint procedures."  Attached hereto as Exhibit "1" is a copy of Decedent Farmer's Certificate of Death.

32.     Defendant Officer Lopera's neck restraint of Decedent Farmer constituted an unjustifiable use of force and violated Decedent Farmer's civil rights, in that they constituted excessive and deadly force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

33.     Defendant Officer Lopera's neck restraint of Decedent Farmer was improper and constituted excessive and deadly force, invariably resulting in Decedent Farmer's death.

///

///

34.     The neck restraint is a classic example of violent police tactics.  The use of any neck restraint has been banned by law enforcement agencies across the United States, including police departments in cities such as Houston, Miami, Dallas, Richmond (CA), North Las Vegas and Henderson (NV), and Louisville (Louisville Metropolitan Police Department).  The Los Angeles Police Department, for example, does not permit the use of any neck restraints except for the Lateral Vascular Neck Restraint, which can *only* be used in instances where an officer is faced with deadly force.

35.     While Defendant LVMPD has implemented and maintained a policy of allowing neck restraints, such as the Lateral Vascular Neck Restraint, all neck restraints should be impermissible, improper, unnecessary, and constitute excessive force.  Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendant Officer Lopera, on how to avoid applying a lethal neck restraint and preventing a non-lethal neck restraint from becoming a lethal neck restraint.  Had Defendant LVMPD properly trained its officers and/or banned all types of neck restraints, Decedent Farmer's tragic and preventable death could have been prevented.

36.     Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendant Officer Lopera, how to recognize a person exhibiting symptoms of mental confusion and mental disorders and how to properly respond to a person exhibiting symptoms of mental confusion and mental disorders.  Had Defendant LVMPD properly trained its officers in responding to individuals exhibiting symptoms of mental confusion and mental disorder Decedent Farmer's tragic and preventable death could have been prevented.

37.     As a direct and proximate result of the aforementioned acts of Defendants, Decedent Farmer suffered the following injuries and damages for which Plaintiffs may recover:

    a.  Loss of enjoyment of life, including the value of his life;

    b.  Conscious physical pain, suffering, and emotional trauma prior to and during Defendant Officer Lopera's neck restraint until his death;

    c.  Decedent Farmer's medical bills incurred attempting to save his life; and

    d.  Violation of Decedent Farmer's civil rights to be free from excessive force.

///

38.     As a direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have also suffered the following injuries and damages, including but not limited to:

      a.  Loss of love, aide, comfort, and society due to the death of Decedent Farmer;

      b.  Loss of economic support;

      c.  Funeral and burial expenses;

      d.  Violation of Plaintiffs' civil rights by destroying Plaintiffs' relationship with their father, Decedent Farmer.

39.     Defendant LVMPD is liable for the wrongful acts of Defendants Officer Lopera, Sergeant Crumrine, Officer Tran, and Officer Flores, who at all times alleged herein were acting within the course and scope of their employment with said public entity.

**FIRST CAUSE OF ACTION**

**(Violation of Civil Rights – 42 U.S.C. § 1983)**

***Plaintiffs Against Defendants Officer Kenneth Lopera, Sergeant Travis Crumrine, Officer Michael Tran, Officer Michael Flores, and Does 1 through 50***

40.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.     Defendants Officer Lopera, Sergeant Crumrine, Officer Tran, and Officer Flores were, at all relevant times, law enforcement officers with Defendant LVMPD who were acting under color of state law.

42.     Plaintiffs bring this claim for relief in their capacities as heirs and the personal representative of Decedent Farmer.

43.     The foregoing claim for relief arose in Decedent Farmer's favor, and Decedent Farmer would have been the plaintiff with respect to this claim for relief had he lived.

44.     Defendant Officer Lopera, acting under color of state law, deprived Decedent Farmer of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those enumerated in and secured by the Fourth and Fourteenth Amendments to the Constitution, by subjecting Decedent Farmer to excessive force when he put Decedent Farmer in a neck restraint and killed him and by failing to properly recognize a person exhibiting

FIRST AMENDED COMPLAINT

symptoms of mental confusion and mental disorder and properly responding to a person exhibiting that type of symptoms.

45.     The wrongful acts alleged herein above of Defendant Officer Lopera was the cause of Decedent Farmer's death.  The immediate cause of Decedent Farmer's death was determined by the coroner as "asphyxia due to, or as a consequence of police restraint procedures."

46.     The Fourth Amendment of the United States Constitution protects individuals, such as Decedent Farmer, from unlawful actions of peace officers.  Any officers who fail to intervene and intercede are also held accountable under the United States Code.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores each had a duty to intervene and intercede to prevent the use of excessive force being administered by Defendant Officer Lopera.  Defendant Officer Lopera used force which was clearly beyond that which is objectively reasonable under the circumstances.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores failed to intervene and intercede to prevent such use of excessive force thereby violating Defendant LVMPD's use of force policy and, what is more, the protections afforded to Decedent Farmer under the Fourth Amendment of the United States Constitution.

47.     As a proximate result of the foregoing wrongful acts of Defendant Officer Lopera, Sergeant Crumrine, Officer Tran, and Officer Flores, Decedent Farmer sustained general damages, including pain and suffering, and a loss of enjoyment of life and other hedonic damages, in an amount according to proof.

48.     As a direct and proximate result of the aforementioned acts of Defendants, Decedent Farmer suffered the following injuries and damages for which Plaintiffs may recover:

    a. Loss of enjoyment of life, including the value of his life;

    b. Conscious physical pain, suffering, and emotional trauma prior to and during Defendant Officer Lopera's neck restraint until his death;

    c. Decedent Farmer's medical bills incurred attempting to save his life; and

    d. Violation of Decedent Farmer's civil rights to be free from excessive force.

///

///

49.     As a direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have also suffered the following injuries and damages, including but not limited to:

          a.   Loss of love, aide, comfort, and society due to the death of Decedent Farmer;

          b.   Loss of economic support;

          c.   Funeral and burial expenses;

          d.   Violation of Plaintiffs' civil rights by destroying Plaintiffs' relationship with their father, Decedent Farmer.

50.     Due to the conduct of Defendants Officer Lopera, Sergeant Crumrine, Officer Tran, and Officer Flores, Plaintiffs have been required to incur attorney's fees and will continue to incur attorney's fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights – *Monell* Claim)

### *Plaintiffs Against Defendant Las Vegas Metropolitan Police Department*

51.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

52.      Plaintiffs bring this claim for relief in their capacities as heirs and the personal representative of Decedent Farmer.

53.     Defendant LVMPD knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintains and permits an official policy and custom of permitting the use of neck restraints and other types of wrongs set forth hereinabove and hereafter.

54.     Prior to May 14, 2017, Defendant LVMPD developed and maintained policies and customs for its officers and employees, including Defendant Office Lopera, to adhere to which exhibit deliberate indifference to the Constitutional rights of individuals, which caused the violation of Decedent Farmer's and Plaintiffs' civil rights.

55.     These policies and customs include, but are not limited to, the deliberately indifferent training of law enforcement officers in the use of excessive force, the express and/or tacit encouragement of excessive force, the ratification of police misconduct, the failure to

conduct adequate unbiased investigations of police misconduct such that future violations do not occur, and the practice of utilizing impermissible and lethal neck restraints.

56.     Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendant Officer Lopera, on how to avoid applying a lethal neck restraint and preventing a non-lethal neck restraint from becoming a lethal neck restraint.  Had Defendant LVMPD properly trained its officers and/or banned all types of neck restraints, Decedent Farmer's tragic and preventable death could have been prevented.

57.     Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendant Officer Lopera, on how to recognize symptoms of mental confusion and mental disorder and what to do in response to a person suffering from mental confusion and mental disorder.  Had Defendant LVMPD properly trained its officers in the recognition of mental confusion and mental disorders and provided training on what to do in response to those symptoms, Decedent Farmer's tragic and preventable death could have been prevented.

58.     Furthermore, the Fourth Amendment of the United States Constitution protects individuals, such as Decedent Farmer, from unlawful actions of peace officers.  Any officers who fail to intervene and intercede are also held accountable under the United States Code.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores each had a duty to intervene and intercede to prevent the use of excessive force being administered by Defendant Officer Lopera.  Defendant Officer Lopera used force which was clearly beyond that which is objectively reasonable under the circumstances.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores failed to intervene and intercede to prevent such use of excessive force thereby violating Defendant LVMPD's use of force policy and, what is more, the protections afforded to Decedent Farmer under the Fourth Amendment of the United States Constitution.  While Defendant LVMPD has implemented and maintained a policy of its officers owing a duty to intervene, Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendants Sergeant Crumrine, Officer Tran, and Officer Flores, on how to properly and effectively intervene and intercede to prevent the use of excessive force.  Had Defendant LVMPD properly trained its officers in intervening and interceding to prevent the use of excessive force, Decedent Farmer's tragic and

preventable death could have been prevented.

59.     Plaintiffs are informed and believe, and thereon allege, that the customs and policies were the driving force behind the violations of Plaintiffs' and Decedent Farmer's rights. Based upon principles set forth in *Monell v. New York City Dep't of Social Services*, Defendant LVMPD is liable for all of the injuries sustained by Decedent Farmer and Plaintiffs as set forth above.

60.     As a proximate result of the foregoing wrongful acts of Defendant LVMPD, Decedent Farmer sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount according to proof.

61.     As a direct and proximate result of the aforementioned acts of Defendants, Decedent Farmer suffered the following injuries and damages for which Plaintiffs may recover:

       a.  Loss of enjoyment of life, including the value of his life;

       b.  Conscious physical pain, suffering, and emotional trauma prior to and during Defendant Officer Lopera's neck restraint until his death;

       c.  Decedent Farmer's medical bills incurred attempting to save his life; and

       d.  Violation of Decedent Farmer's civil rights to be free from excessive force.

62.     As a direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have also suffered the following injuries and damages, including but not limited to:

       a.  Loss of love, aide, comfort, and society due to the death of Decedent Farmer;

       b.  Loss of economic support;

       c.  Funeral and burial expenses;

       d.  Violation of Plaintiffs' civil rights by destroying Plaintiffs' relationship with their father, Decedent Farmer.

63.     Due to the conduct of Defendant LVMPD, Plaintiffs have been required to incur attorney's fees and will continue to incur attorney's fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

///

///

**THIRD CAUSE OF ACTION**

**(Violation of Civil Rights – 42 U.S.C. § 1983 – Deprivation of the Rights of Plaintiffs to a Familial Relationship with Decedent Farmer)**

*Plaintiffs Against Defendant Officer Kenneth Lopera, Sergeant Travis Crumrine, Officer Michael Tran, Officer Michael Flores, and Does 1 through 50*

64.　Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

65.　Defendant Officer Lopera, acting under color of state law, deprived Plaintiffs of their rights to a familial relationship without due process of law by Defendant Officer Lopera's use of unjustified force, causing injuries which resulted in Decedent Farmer's death, all without provocation, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

66.　Defendants Sergeant Crumrine, Officer Tran, Officer Flores, acting under color of state law, deprived Plaintiffs of their rights to a familial relationship without due process of law by failing to intervene and intercede to prevent the use of excessive force by Defendant Officer Lopera, causing injuries which resulted in Decedent Farmer's death, all without provocation, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

67.　As a result of the foregoing wrongful acts of Defendants Officer Lopera, Sergeant Crumrine, Officer Tran, Officer Flores, Plaintiffs sustained general damages, including grief, emotional distress, pain and suffering, and loss of comfort and society, and special damages, including loss of support, in an amount according to proof.

68.　As a direct and proximate result of the aforementioned acts of Defendants, Decedent Farmer suffered the following injuries and damages for which Plaintiffs may recover:

　　　a.　Loss of enjoyment of life, including the value of his life;

　　　b.　Conscious physical pain, suffering, and emotional trauma prior to and during Defendant Officer Lopera's neck restraint until his death;

　　　c.　Decedent Farmer's medical bills incurred attempting to save his life; and

d.  Violation of Decedent Farmer's civil rights to be free from excessive force.

69.    As a direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have also suffered the following injuries and damages, including but not limited to:

a.  Loss of love, aide, comfort, and society due to the death of Decedent Farmer;

b.  Loss of economic support;

c.  Funeral and burial expenses;

d.  Violation of Plaintiffs' civil rights by destroying Plaintiffs' relationship with their father, Decedent Farmer.

70.     Due to the conduct of Defendant Officer Lopera, Plaintiffs have been required to incur attorney's fees and will continue to incur attorney's fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

## FOURTH CAUSE OF ACTION

**(Violation of Civil Rights – 42 U.S.C. § 1983 – Deprivation of the Rights of Plaintiffs to a Familial Relationship with Decedent Farmer – *Monell* Claim)**

***Plaintiffs Against Defendant Las Vegas Metropolitan Police Department***

71.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

72.    Defendant LVMPD knowingly and with gross negligence, maintains and permits official policies and customs which allow the use of neck restraints and other types of wrongs set forth hereinabove and hereafter, all in deliberate indifference to the Constitutional rights of citizens.

73.    Prior to May 14, 2017, Defendant LVMPD developed and maintained policies and customs for its officers and employees, including Defendant Office Lopera, to adhere to which exhibit deliberate indifference to the Constitutional rights of individuals, which caused the violation of Decedent Farmer's and Plaintiffs' civil rights.

74.    These policies and customs include, but are not limited to, the deliberately indifferent training of law enforcement officers in the use of excessive force, the express and/or tacit encouragement of excessive force, and the practice of utilizing impermissible and lethal neck

restraints.  Further, Defendant LVMPD's ratification of police misconduct, along with the failure to conduct adequate investigations of misconduct led to the violations of Plaintiffs' and Decedent Farmer's Constitutional rights.

75.    Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendant Officer Lopera, on how to avoid applying a lethal neck restraint and preventing a non-lethal neck restraint from becoming a lethal neck restraint.  Had Defendant LVMPD properly trained its officers and/or banned all types of neck restraints, Decedent Farmer's tragic and preventable death could have been prevented.

76.    Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendant Officer Lopera, on how to recognize symptoms of mental confusion and mental disorder and what to do in response to a person suffering from mental confusion and mental disorder.  Had Defendant LVMPD properly trained its officers in the recognition of symptoms of mental confusion and mental disorder and what to do in response to those symptoms, Decedent Farmer's tragic and preventable death could have been prevented.

77.    Furthermore, the Fourth Amendment of the United States Constitution protects individuals, such as Decedent Farmer, from unlawful actions of peace officers.  Any officers who fail to intervene and intercede are also held accountable under the United States Code.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores each had a duty to intervene and intercede to prevent the use of excessive force being administered by Defendant Officer Lopera.  Defendant Officer Lopera used force which was clearly beyond that which is objectively reasonable under the circumstances.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores failed to intervene and intercede to prevent such use of excessive force thereby violating Defendant LVMPD's use of force policy and, what is more, the protections afforded to Decedent Farmer under the Fourth Amendment of the United States Constitution.  While Defendant LVMPD has implemented and maintained a policy of its officers owing a duty to intervene, Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendants Sergeant Crumrine, Officer Tran, and Officer Flores, on how to properly and effectively intervene and intercede to prevent the use of excessive force.  Had Defendant LVMPD properly trained its officers in

intervening and interceding to prevent the use of excessive force, Decedent Farmer's tragic and preventable death could have been prevented.  Defendant LVMPD failed to make an unbiased investigation, or take any action in preserving Plaintiffs' and Decedent Farmer's rights, or verify misconduct and discipline officers for the misconduct.  Plaintiffs are informed and believe, and thereon allege, that the customs and policies were the driving force behind the violations of Plaintiffs' and Decedent Farmer's rights.  Based upon the principles set forth in *Monell v. New York City Dep't of Social Services*, Defendant LVMPD is liable for all of the injuries sustained by Plaintiffs as set forth above.

78.     In acting as alleged herein, Defendant LVMPD caused Decedent Farmer's demise and the resulting loss to Plaintiffs, thereby causing Plaintiffs to be damaged in an amount to be determined at the time of trial.

79.     As a direct and proximate result of the aforementioned acts of Defendants, Decedent Farmer suffered the following injuries and damages for which Plaintiffs may recover:

   a.  Loss of enjoyment of life, including the value of his life;

   b.  Conscious physical pain, suffering, and emotional trauma prior to and during Defendant Officer Lopera's neck restraint until his death;

   c.  Decedent Farmer's medical bills incurred attempting to save his life; and

   d.  Violation of Decedent Farmer's civil rights to be free from excessive force.

80.     As a direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have also suffered the following injuries and damages, including but not limited to:

   a.  Loss of love, aide, comfort, and society due to the death of Decedent Farmer;

   b.  Loss of economic support;

   c.  Funeral and burial expenses;

   d.  Violation of Plaintiffs' civil rights by destroying Plaintiffs' relationship with their father, Decedent Farmer.

81.     Due to the conduct of Defendant LVMPD, Plaintiffs have been required to incur attorney's fees and will continue to incur attorney's fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

FIRST AMENDED COMPLAINT

**FIFTH CAUSE OF ACTION**

**(Negligence – Wrongful Death)**

***Plaintiffs Against All Defendants***

82.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

83.     Defendants Officer Lopera, Sergeant Crumrine, Officer Tran, and Officer Flores, acting within the scope of their duties as employees of Defendant LVMPD, caused the death of Decedent Farmer.

84.     Defendant LVMPD is hereby liable for the acts, omissions, and conduct of its employees, including Defendant Officer Lopera, Sergeant Crumrine, Officer Tran, and Officer Flores herein, whose negligent conduct caused the death of Decedent Farmer.

85.     Plaintiffs are the proper parties with standing pursuant to Nev. Rev. Stat. § 41.085 and hereby pursue their remedies for wrongful death against Defendants, and each of them, including recovery of pecuniary loss and other compensable injuries resulting from the loss of society, comfort, attention, services, and support of Decedent Farmer.

86.     The negligence of Defendants was also responsible in part for the death of Decedent Farmer by acts or omissions contributing to his demise including, but not limited to, the deliberately indifferent training of law enforcement officers in the use of excessive force, the express and/or tacit encouragement of excessive force, the deliberately indifferent training of law enforcement officers in their duty to intervene, the failure to intervene and intercede to prevent the use of excessive force, the ratification of police misconduct, the failure to conduct adequate unbiased investigations of police misconduct such that future violations do not occur, and the practice of utilizing impermissible and lethal neck restraints.

87.     Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendant Officer Lopera, on how to avoid applying a lethal neck restraint and preventing a non-lethal neck restraint from becoming a lethal neck restraint.  Had Defendant LVMPD properly trained its officers and/or banned all types of neck restraints, Decedent Farmer's tragic and preventable death could have been prevented.

88.     Defendant LVMPD failed, and continues to fail, to properly train its officers such as Defendant Officer Lopera, on how to recognize symptoms of mental confusion and mental disorders and what to do in response to symptoms of mental confusion and mental disorder.  Had Defendant LVMPD properly trained its officers to recognize the symptoms of mental confusion and mental disorders or knew about them, Decedent Farmer's tragic and preventable death could have been prevented.

89.     Furthermore, the Fourth Amendment of the United States Constitution protects individuals, such as Decedent Farmer, from unlawful actions of peace officers.  Any officers who fail to intervene and intercede are also held accountable under the United States Code.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores each had a duty to intervene and intercede to prevent the use of excessive force being administered by Defendant Officer Lopera.  Defendant Officer Lopera used force which was clearly beyond that which is objectively reasonable under the circumstances.  Defendants Sergeant Crumrine, Officer Tran, and Officer Flores failed to intervene and intercede to prevent such use of excessive force thereby violating Defendant LVMPD's use of force policy and, what is more, the protections afforded to Decedent Farmer under the Fourth Amendment of the United States Constitution.  While Defendant LVMPD has implemented and maintained a policy of its officers owing a duty to intervene, Defendant LVMPD failed, and continues to fail, to properly train its officers, such as Defendants Sergeant Crumrine, Officer Tran, and Officer Flores, on how to properly and effectively intervene and intercede to prevent the use of excessive force.  Had Defendant LVMPD properly trained its officers in intervening and interceding to prevent the use of excessive force, Decedent Farmer's tragic and preventable death could have been prevented.

90.     Defendants are further responsible for acts and neck restraint tactics implemented by Defendant Officer Lopera as well as Defendants Sergeant Crumrine, Officer Tran, and Officer Flores failure to intervene and intercede to prevent the use of excessive force before Decedent Farmer's death.

91.     Decedent Farmer's loss has and will continue to cause great and severe damages to his loved ones, Plaintiffs Tamara Duarte and Elias Duarte, all in an amount according to proof

FIRST AMENDED COMPLAINT

at the time of trial.

92.     As a direct and proximate result of the aforementioned acts of Defendants, Decedent Farmer suffered the following injuries and damages for which Plaintiffs may recover:

        a.   Loss of enjoyment of life, including the value of his life;

        b.   Conscious physical pain, suffering, and emotional trauma prior to and during Defendant Officer Lopera's neck restraint until his death;

        c.   Decedent Farmer's medical bills incurred attempting to save his life; and

        d.   Violation of Decedent Farmer's civil rights to be free from excessive force.

93.     As a direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have also suffered the following injuries and damages, including but not limited to:

        a.   Loss of love, aide, comfort, and society due to the death of Decedent Farmer;

        b.   Loss of economic support;

        c.   Funeral and burial expenses;

        d.   Violation of Plaintiffs' civil rights by destroying Plaintiffs' relationship with their father, Decedent Farmer.

94.     As a further direct result of Defendants' acts, omissions, negligent conduct, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### (Battery)

***Plaintiffs Against Defendants Las Vegas Metropolitan Police Department and Officer Kenneth Lopera***

95.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

96.     Defendant Officer Lopera's use of force on Decedent Farmer, and specifically placing Decedent Farmer in a lethal neck restraint, constituted a battery on Decedent as the conduct was unwanted and unnecessary and an unreasonable use of force.

97.     Defendant LVMPD is liable for the acts, omissions, and conduct of Defendant

FIRST AMENDED COMPLAINT

Officer Lopera because Defendant Officer Lopera was acting within the course and scope of his employment.

98.     As a direct cause of Defendant Officer Lopera's conduct, Plaintiffs sustained general and special damages, in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages and other judicial relief as follows:

1.     For special damages according to proof;

2.     For general damages according to proof;

3.     For attorney's fees as provided by statute;

4.     For injunctive relief;

5.     For pre-judgment and post-judgment interest;

6.     For Plaintiffs' costs and expenses of suit; and

7.     For such other and further relief as the Court deems just and proper.


Dated: April 3, 2018                    By:       */s/ Federico C. Sayre*
                                                  **Federico C. Sayre, Esq.**
                                                  CA Bar No. 67420 (admitted *pro hac vice*)
                                                  **Boris Treyzon, Esq.**
                                                  CA Bar No. 188893 (admitted *pro hac vice*)
                                                  **Darren D. Darwish, Esq.**
                                                  CA Bar No. 305797 (admitted *pro hac vice*)
                                                  **ABIR COHEN TREYZON SALO, LLP**
                                                  1901 Avenue of the Stars, Suite 935
                                                  Los Angeles, California 90067
                                                  Telephone: (424) 288-4367
                                                  Facsimile: (424) 288-4368
                                                  *Attorneys for Plaintiffs*

///

///

///

///

///

FIRST AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a jury trial.

3

4    Dated: April 3, 2018              By:      */s/ Federico C. Sayre*

5                                               **Federico C. Sayre, Esq.**
                                                CA Bar No. 67420 (admitted *pro hac vice*)
6                                               **Boris Treyzon, Esq.**
                                                CA Bar No. 188893 (admitted *pro hac vice*)
7                                               **Darren D. Darwish, Esq.**
                                                CA Bar No. 305797 (admitted *pro hac vice*)
8                                               **ABIR COHEN TREYZON SALO, LLP**
                                                1901 Avenue of the Stars, Suite 935
9                                               Los Angeles, California 90067
                                                Telephone: (424) 288-4367
10                                              Facsimile: (424) 288-4368
                                                *Attorneys for Plaintiffs*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT