DANIEL R. MCNUTT (SBN 7815)
MATTHEW C. WOLF (SBN 10801)
MCNUTT LAW FIRM, P.C.
625 South Eighth Street
Las Vegas, Nevada 89101
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com
*Attorneys for Defendant*
*Officer Kenneth Lopera*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF TASHI S. FARMER a/k/a TASHII FARMER a/k/a TASHII BROWN, by and through its Special Administrator, Elia Del Carmen Solano-Patricio; TAMARA BAYLEE KUUMEALI'MAKAMAE FARMER DUARTE, a minor, individually and as Successor-in-Interest, by and through her legal guardian, Stevandra Lk Kuanoni; ELIAS BAY KAIMIPONO DUARTE, a minor, individually and as Successor-in-Interest, by and through his legal guardian, Stevandra Lk Kuanoni,<br><br>  plaintiffs<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER KENNETH LOPERA, individually and in his Official Capacity; and Does 1 through 50, inclusive<br><br>  Defendants. | Case No.: 2:17-cv-01946-JCM-PAL<br><br>**DEFENDANT OFFICER KENNETH LOPERA'S ANSWER TO THE FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

On April 3, 2018, plaintiffs filed their first amended complaint ("FAC"). (ECF No. 45.) Defendant Officer Kenneth Lopera ("Officer Lopera") submits the following answer to the FAC:

**INTRODUCTION**

1. Answering ¶ 1, Officer Lopera admits that on or about May 14, 2017, Tashi Farmer approached two uniformed police officers, one of whom was Defendant Officer Kenneth Lopera, inside the Venetian Resort Hotel Casino in Las Vegas. He denies the remainder of the allegations in this paragraph.

2. Answering ¶ 2, no response is required from Officer Lopera, and Officer Lopera denies

the paragraph.

## THE PARTIES

3. Answering ¶¶ 3, 4, 5, 6, and 7, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

4. Answering ¶¶ 8-12, Officer Lopera admits the allegations therein.

5. Answering ¶ 13, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

## JURISDICTION, VENUE, AND NOTICE

6. Answering ¶ 14, Officer Lopera admits the allegations therein.

7. Answering ¶ 15, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

## FACTUAL BACKGROUND

8. Answering ¶ 16, Officer Lopera admits that at all relevant times, he was acting within the course and scope of his duty as an employee of Defendant LVMPD.  He further admits Decedent Farmer approached him and Officer Lif at The Venetian.  He denies all other allegations in their entirety.

9. Answering ¶¶ 17-18, Officer Lopera denies the allegations therein.

10. Answering ¶ 19, Officer Lopera admits that during the pursuit, Decedent Farmer was attempting to steal a passing vehicle.  He denies all other allegations in their entirety.

11. Answering ¶ 20, Officer Lopera admits that he utilized his Taser.  He denies the remainder of the allegations.

12. Answering ¶ 21, Officer Lopera admits that contact was made between him and Decedent Farmer.  He denies the remainder of the allegations.

13. Answering ¶ 22, Officer Lopera admits that he administered a maneuver approved and taught by Defendant LVMPD.  He denies the remainder of the allegations.

14. Answering ¶¶ 23-26, Officer Lopera admits Sergeant Crumrine and Officers Tran and Flores helped restrain Farmer.  He further admits that on May 14, 2017 Sergeant Crumrine was his commanding officer.  He denies the remainder of the allegations.

15. Answering ¶ 27, this paragraph quotes an alleged policy. The policy speaks for itself, and this paragraph does not require a response.

16. Answering ¶ 28, the allegations concerning the Fourth Amendment call for a legal conclusion and do not require a response. Officer Lopera denies the remainder of the allegations.

17. Answering ¶ 29, Officer Lopera admits that Decedent Farmer is deceased. He denies the remainder of the allegations.

18. Answering ¶ 30, Officer Lopera denies all allegations therein.

19. Answering ¶ 31, Officer Lopera denies that the wrongful acts alleged in the FAC of Officer Lopera were the direct cause of Decedent Farmer's death. Exhibit 1 to the FAC speaks for itself and no response is required from Officer Lopera regarding its content. Any remaining or inconsistent allegations contained the paragraph are denied.

20. Answering ¶ 32, Officer Lopera denies all allegations therein.

21. Answering ¶¶ 33-34, Officer Lopera denies all allegations therein. These paragraphs also contains arguments that do not require a response.

22. Answering ¶ 35, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

23. Answering ¶¶ 36-38, Officer Lopera denies all allegations therein.

24. Answering ¶ 39, Officer Lopera admits that at all times alleged he was acting within the course and scope of his employment. He denies all other allegations in their entirety.

## **FIRST CAUSE OF ACTION**

**(Violation of Civil Rights – 42 U.S.C. § 1983)**

25. Answering ¶ 40, Officer Lopera incorporates by reference his prior admissions and denials.

26. Answering ¶ 41, Officer Lopera admits the allegations therein.

27. Answering ¶ 42, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

28. Answering ¶¶ 43-44, Officer Lopera denies all allegations therein.

29. Answering ¶ 45, Officer Lopera denies that the wrongful acts alleged of Defendant

Officer Lopera were the cause of Decedent Farmer's death.  Exhibit 1 speaks for itself, and Officer Lopera denies any allegations that are inconsistent with Exhibit 1.

30. Answering ¶ 46, the allegations concerning the Fourth Amendment call for a legal conclusion and do not require a response.  Officer Lopera denies the remainder of the allegations.

31. Answering ¶¶ 47-50, Officer Lopera denies all allegations therein.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights – *Monell* Claim)

32. Answering ¶ 51, Officer Lopera incorporates by reference his prior admissions and denials.

33. Answering ¶ 52, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

34. Answering ¶ 53, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

35. Answering ¶¶ 54-57, Officer Lopera denies all allegations therein.

36. Answering ¶ 58, the allegations concerning the Fourth Amendment call for a legal conclusion and do not require a response.  Officer Lopera denies the remainder of the allegations.

37. Answering ¶¶ 59-63, Officer Lopera denies all allegations therein.

## THIRD CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. § 1983 – Deprivation of the Rights of plaintiffs to a Familial Relationship with Decedent Farmer)

38. Answering ¶ 64, Officer Lopera incorporates by reference his prior admissions and denials.

39. Answering ¶¶ 65-70, Officer Lopera denies all allegations therein.

## FOURTH CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. § 1983 – Deprivation of the Rights of plaintiff to a Familial Relationship with Decedent Farmer – *Monell* Claim)

40. Answering ¶ 71, Officer Lopera incorporates by reference his prior admissions and denials.

41. Answering ¶¶ 72-76, Officer Lopera denies all allegations therein.

42. Answering ¶ 77, the allegations concerning the Fourth Amendment call for a legal conclusion and do not require a response. Officer Lopera denies the remainder of the allegations.

43. Answering ¶¶ 78-81, Officer Lopera denies all allegations therein.

## FIFTH CAUSE OF ACTION

### (Negligence – Wrongful Death)

44. Answering ¶ 82, Officer Lopera incorporates by reference his prior admissions and denials.

45. Answering ¶ 83, Officer Lopera denies all allegations therein.

46. Answering ¶ 84, Officer Lopera admits that LVMPD is liable for the acts, omissions, and conduct of its employees including Officer Lopera. He denies the remainder of the paragraph.

47. Answering ¶ 85, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

48. Answering ¶ 86, Officer Lopera denies all allegations therein.

49. Answering ¶ 87, Officer Lopera is without sufficient knowledge as to the truth or falsity of the allegations and therefore fully denies all allegations therein.

50. Answering ¶ 88, Officer Lopera denies all allegations therein.

51. Answering ¶ 89, the allegations concerning the Fourth Amendment call for a legal conclusion and do not require a response. Officer Lopera denies the remainder of the allegations.

52. Answering ¶ 90, Officer Lopera admits he was in the course and scope of his employment with LVMPD and utilized department approved techniques. He denies the reminder of the allegations in said paragraph in their entirety.

53. Answering ¶¶ 91-94, Officer Lopera denies all allegations therein.

## SIXTH CAUSE OF ACTION

### (Battery)

54. Answering ¶ 95, Officer Lopera incorporates by reference his prior admissions and denials.

55. Answering ¶¶ 96-98, Officer Lopera denies all allegations therein.

**RESPONSE TO ALLEGATIONS IN THE PRAYER FOR RELIEF**

WHEREFORE, in response to plaintiffs' Prayers for Relief, Officer Lopera incorporates his responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

WHEREFORE, Officer Lopera having fully answered, requests that this Court enter judgment in his favor and against plaintiffs, and award Officer Lopera his costs and expenses, including attorneys' fees, incurred in this matter, and grant such other relief as the Court may deem just and proper.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' FAC fails to state a claim upon which relief may be granted for reasons that include, but are not limited to, the fact they fail to allege a violation of a right, privilege, or immunity secured by the United States Constitution or by the laws of the United States. Plaintiffs' claims also are barred and fail as a matter of law due to Plaintiffs' failure to plead them with particularity.

2. Officer Lopera is entitled to qualified immunity for reasons that include, but are not limited to, (a) the fact there is no evidence he violated a constitutional right; and (b) the fact a constitutional right cannot be established. *See, e.g., Porter v. S. Nevada Adult Mental Health Servs.*, 2017 WL 6379525, at *15 (D. Nev. Dec. 13, 2017) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)) ("Courts considering whether an official is shielded by qualified immunity consider two questions: first, whether the facts alleged show the officer's conduct violated a constitutional right, and second, whether the right was clearly established."); *see also Perez v. Nevada*, 2017 WL 4172268, at *2 (D. Nev. Sept. 20, 2017) (quoting *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003)) ("A right is clearly established if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'") Furthermore, Plaintiffs' claims of constitutional violations are unsupported in both fact and law, as Plaintiffs have not alleged a sufficient factual basis from which a constitutional interest might arise in conjunction with the alleged actions.

3. Officer Lopera is entitled to discretionary immunity.

4. Officer Lopera did not act deliberately indifferent to any constitutional rights. At all relevant times, Officer Lopera acted in good faith and for the purposes of protecting the public, executing his duties as a police officer, and protecting property, himself, and others. His complained of acts were justified and privileged under the circumstances. At all relevant times, he followed his

instructions and training as a police officer and acted in a good faith belief that his actions were legally justifiable and did not implement an unconstitutional custom, practice, or policy.

5. Farmer's estate is precluded by statute from recovering any damages for any pain, suffering, or disfigurement. NEV. REV. STAT. § 41.085(5). Farmer's children are not "heirs," as that term is defined by NEV. REV. STAT. § 41.085(1), and therefore lack standing to bring any claims. Lorin Michelle Taylor and Stevandra Lk Kuanoni lack standing under NEV. REV. STAT. § 41.085 to bring any claims. Farmer's children are precluded by statute from recovering any special damages, penalties, and exemplary or punitive damages. NEV. REV. STAT. § 41.085(4)-(5).

6. Plaintiffs have failed to include necessary and indispensable parties. Farmer's creditors and obligators would have an interest in the proceeds of any judgment. NEV. REV. STAT. § 41.085(5) ("The proceeds of any judgment for damages awarded under this subsection are liable for the debts of the decedent unless exempted by law.")

7. Any award of punitive damages is limited by NEV. REV. STAT. § 42.005(1). Furthermore, consideration of any punitive damages in this civil action would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process provisions of the Nevada Constitution by allowing standard–less discretion to the jury to determine punishment and by depriving Officer Lopera of prior notice of the consequences of its alleged acts. Plaintiffs also have not pled the prima facie elements for a prayer for punitive damages or any facts entitling them to punitive damages.

8. Plaintiffs are not entitled to relief from or against Officer Lopera, as they have not sustained any loss, injury, or damage that resulted from any act of Officer Lopera. Farmer is fully and solely at fault for the incident at issue, and to the extent he is found to bear any fault, Officer Lopera is entitled to all protections, defenses, and liability limitations afforded by NEV. REV. STAT. § 14.141. Any injuries allegedly sustained by Plaintiffs, which Officer Lopera continues to deny, were the direct and proximate result of the conduct of Farmer. Plaintiffs' damages, if any, were the result of intervening, superseding, concurrent, or contributing causes. Any alleged action on the part of Officer Lopera was not the proximate cause of Farmer's death or Plaintiffs' alleged damages. Farmer's death was fully and solely caused by medical conditions, the consumption of substances, or other factors that

have no connection to Officer Lopera.

9. Plaintiffs have failed to mitigate their damages.

10. Plaintiffs' claims are barred by the doctrines of equity, estoppel, laches, preemption, unclean hands, unjust enrichment, and waiver.

11. Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution.

12. Plaintiffs' state law claims are capped at $100,000.00 pursuant to NEV. REV. STAT. § 41.035.

13. Officer Lopera is immune to Plaintiffs' state law claims pursuant to NEV. REV. STAT. § 41.032.

14. To the extent Plaintiffs' causes of actions against Officer Lopera sound in negligence, no recovery can be predicated upon 42 U.S.C. § 1983.

15. Officer Lopera expressly joins in, incorporates by reference hereto, and notifies Plaintiffs of his intent to raise, pursue, and rely upon any additional affirmative defenses pled by Sergeant Crumrine, Officer Tran, or Officer Flores.

16. Officer Lopera reserves the right to amend these Affirmative Defenses as discovery unfolds and new information is discovered.

DATED April 24, 2018.

MCNUTT LAW FIRM, P.C.

*/s/ Dan McNutt*
DANIEL R. MCNUTT (SBN 7815)
MATTHEW C. WOLF (SBN 10801)
625 South Eighth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Officer Kenneth Lopera*

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that pursuant to Fed. R. Civ. P. 5 on April 24, 2018, I caused service of the foregoing **DEFENDANT OFFICER KENNETH LOPERA'S ANSWER TO THE FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** by mailing a copy by United States Postal Service, postage prepaid, via email, and/or via electronic mail through the United States District Court's CM/ECF system to the following at their last known address or e-mail:

Matthew Callister, Esq.
Mitchell Bisson, Esq.
Rachel Solow, Esq.
CALLISTER LAW
330 E. Charleston Blvd., Suite 100
Las Vegas, Nevada 89104
mqc@callcallister.com
mbisson@callcallister.com
rsolow@callcallister.com

Boris Treyzon, Esq.
Federico Sayre, Esq.
ABIR COHEN TREYZON SALO, LLP
1901 Avenue of the Stars, Suite 935
Los Angeles, California 90067
Attorney for Plaintiffs

Craig Anderson, Esq.
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
canderson@maclaw.com
Attorneys for Defendant LVMPD

                                            */s/ Lisa Heller*
                                            An Employee of McNutt Law Firm, P.C.