1  **Marquis Aurbach Coffing**
   Craig R. Anderson, Esq.
2  Nevada Bar No. 6882
   10001 Park Run Drive
3  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
4  Facsimile: (702) 382-5816
   canderson@maclaw.com
5     Attorneys for Defendants LVMPD, Sgt. Crumrine, Ofc. Tran and Ofc. Flores

6                                        **UNITED STATES DISTRICT COURT**

7                                              **DISTRICT OF NEVADA**

| | |
|---|---|
| ESTATE OF TASHI S. FARMER a/k/a TASHII FARMER a/k/a TASHII BROWN, by and through its Special Administrator, Lorin Michelle Taylor; TAMARA BAYLEE KUUMEALI'MAKAMAE FARMER DUARTE, a minor, individually and as Successor-in-Interest, by and through her legal guardian, Stevandra Lk Kuanoni; ELIAS BAY KAIMIPONO DUARTE, a minor, individually and as Successor-in-Interest, by and through his legal guardian, Stevandra Lk Kuanoni, <br><br>                        Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER KENNETH LOPERA, individually and in his Official Capacity; SERGEANT TRAVIS CRUMRINE, individually and in his Official Capacity; OFFICER MICHAEL TRAN, individually and in his Official Capacity; OFFICER MICHAEL FLORES, individually and in his Official Capacity; and Does I through 50 inclusive,<br><br>                        Defendants. | Case Number: 2:17-cv-01946-JCM-PAL<br><br>**DEFENDANTS LVMPD, SGT. CRUMRINE, OFC. TRAN AND OFC. FLORES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

      Defendants Las Vegas Metropolitan Police Department, Sergeant Crumrine, Officer Tran and Officer Flores ("Answering Defendants"), by and through their counsel, Marquis Aurbach Coffing, hereby answers Plaintiffs' First Amended Complaint on file herein, by admitting, denying and alleging as follows:

## INTRODUCTION

1. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraphs 1 and 2 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

## THE PARTIES

2. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraphs 3, 4, 5, 6, 7, 9 and 13 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

3. These Answering Defendants admit the allegations contained in paragraphs 8, 10, 11 and 12 of the Plaintiffs' First Amended Complaint.

## JURISDICTION, VENUE, AND NOTICE

4. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraph 14 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

5. These Answering Defendants admit the allegations contained in paragraph 15 of the Plaintiffs' First Amended Complaint.

## FACTUAL BACKGROUND

6. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraphs 16, 17, 18, 19, 21, 30, 31, 32, 33, 34, 37, 38 and 39 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

7. These Answering Defendants admit the allegations contained in paragraphs 20, 27 and 29 of the Plaintiffs' First Amended Complaint.

8. These Answering Defendants deny the allegations contained in paragraphs 22, 23, 24, 25, 26, 28, 35 and 36 of the Plaintiffs' First Amended Complaint.

### FIRST CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983)

### PLAINTIFFS AGAINST DEFENDANTS OFFICER KENNETH LOPERA, SERGEANT TRAVIS CRUMRINE, OFFICER MICHAEL TRAN, OFFICER MICHAEL FLORES, AND DOES 1 THROUGH 50

9. These Answering Defendants without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraphs 40, 41, 42, 44, 45, 47, 48, 49 and 50 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

10. These Answering Defendants admit the allegations contained in paragraph 43 of Plaintiffs' First Amended Complaint.

11. These Answering Defendants deny the allegations contained in paragraph 46 of Plaintiffs' First Amended Complaint.

### SECOND CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS - *MONELL* CLAIM)

### PLAINTIFFS AGAINST DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT

12. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraphs 51 and 52 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

13. These Answering Defendants deny the allegations contained in paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 and 63 of the Plaintiffs' First Amended Complaint.

### THIRD CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983 - DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO A FAMILIAL RELATIONSHIP WITH DECEDENT FARMER)

### PLAINTIFFS AGAINST DEFENDANT OFFICER KENNETH LOPERA, SERGEANT TRAVIS CRUMRINE, OFFICER MICHAEL TRAN, OFFICER MICHAEL FLORES, AND DOES 1 THROUGH 50

MAC:14687-057 3383813_1 4/24/2018 10:12 AM

14. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraphs 64, 65, 67, 68, 69 and 70 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

15. These Answering Defendants deny the allegations contained in paragraph 66 of the Plaintiffs' First Amended Complaint.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983 - DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO A FAMILIAL RELATIONSHIP WITH DECEDENT FARMER - *MONELL* CLAIM)

### PLAINTIFFS AGAINST DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT

16. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraph 71 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

17. These Answering Defendants deny the allegations contained in paragraphs 72, 73, 74, 75, 76, 77, 78, 79, 80 and 81 of Plaintiffs' First Amended Complaint.

## FIFTH CAUSE OF ACTION

### (NEGLIGENCE - WRONGFUL DEATH)

### PLAINTIFFS AGAINST ALL DEFENDANTS

18. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraphs 82, 83, 84, 85, 86, 91, 92, 93 and 94 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

19. These Answering Defendants deny the allegations contained in paragraphs 87, 88, 89 and 90 of the Plaintiffs' First Amended Complaint.

/ / /

/ / /

MAC:14687-057 3383813_1 4/24/2018 10:12 AM

## SIXTH CAUSE OF ACTION

## (BATTERY)

## PLAINTIFFS AGAINST DEFENDANTS LAS VEGAS METROPOLITAN POLICE DEPARTMENT AND OFFICER KENNETH LOPERA

20.     These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiffs' allegations contained in paragraphs 95, 96, 97 and 98 of the Plaintiffs' First Amended Complaint, and therefore deny the remaining allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' suit fails to state a claim for relief as they have failed to allege a violation of a right, privilege, or immunity secured by the United States Constitution or by the laws of the United States.

## SECOND AFFIRMATIVE DEFENSE

The LVMPD Defendants did not enact or promulgate any policy, statute, ordinance or custom, policy or procedure which denied or abridged any of the Plaintiffs' constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

The damage sustained by the Plaintiffs, if any, were caused by the acts of third persons who were not agents, servants, or employees of the LVMPD Defendants and who were not acting on behalf of the LVMPD Defendants in any manner or form, and, as such, the LVMPD Defendants are not liable in any manner to the Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

The complained of acts of the LVMPD Defendants were justified and privileged under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

At all times mentioned in Plaintiffs' First Amended Complaint, the LVMPD Defendants acted in good faith belief that their actions were legally justifiable.

MAC:14687-057 3383813_1 4/24/2018 10:12 AM

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint concerns a discretionary function of the LVMPD Defendants for which these LVMPD Defendants are immune.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims of constitutional violations are unsupported in both fact and law, as Plaintiffs have not alleged sufficient basis from which a constitutional interest might arise in conjunction with the alleged actions.

### EIGHTH AFFIRMATIVE DEFENSE

The LVMPD Defendants acted reasonably under the circumstances.

### NINTH AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by Plaintiffs were the result of Decedent Tashi S. Farmer's own negligence and/or actions.

### TENTH AFFIRMATIVE DEFENSE

None of the LVMPD Defendants' actions are conscience shocking or deliberately indifferent.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant officers Crumrine, Tran and Flores are protected by the doctrine of qualified immunity.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive or exemplary damages because Plaintiffs have failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud.  Plaintiffs are not entitled to recover punitive or exemplary damages herein under any of the claims of relief alleged as none of the LVMPD Defendants' supervisors, directors or managing agents committed the alleged malicious, fraudulent or oppressive acts, authorized to ratify such wrongful conduct or had advanced knowledge of the unfitness of any employee(s) who allegedly committed the acts and did not employ such person(s) with conscience disregard for the higher safety of others.

MAC:14687-057 3383813_1 4/24/2018 10:12 AM

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims, and each of them, are barred by Plaintiffs' failure to plead those claims with particularity.

### FOURTEENTH AFFIRMATIVE DEFENSE

The LVMPD Defendants have not been negligent and have not breached their duty to properly supervise the conduct of its employees with whom the Decedent interacted.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' state law claims are barred by NRS 41.032 and NRS 41.036.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant officers Crumrine, Tran and Flores acted in self-defense.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The LVMPD Defendants reserve the right to amend these Affirmative Defenses as discovery unfolds and new information is discovered.

WHEREFORE, the LVMPD Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by virtue of their First Amended Complaint on file herein, that the same be dismissed with prejudice;

2. For an award of reasonable attorney fees and costs of suit incurred in the defense of this action; and

3. For such other and further relief as this Court may deem just and proper in the premises.

Dated this 29 day of April, 2018.

MARQUIS AURBACH COFFING

By_____
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Defendants LVMPD, S

MAC:14687-057 3383813_1 4/24/2018 10:12 AM

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, SGT. CRUMRINE, OFC. TRAN AND OFC. FLORES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 24th day of April, 2018.

☒  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| Matthew Q. Callister, Esq.<br>Mitchell S. Bisson, Esq.<br>Callister Law<br>mqc@call-law.com<br>ashley@callcallister.com<br>cullison@callcallister.com<br>mbisson@call-law.com<br>alicia@callcallister.com<br>carmen@callcallister.com<br>lorin@callcallister.com<br>rebekah@callister.com<br>*Attorneys for Plaintiffs* | Rachel N. Solow, Esq.<br>solowlawgroup@gmail.com<br><br>Federico Castelan Sayre, Esq.<br>Boris Treyzon, Esq.<br>Abir Cohen Treyzon Salo LLP<br>fsayre@actslaw.com<br>btreyzon@actslaw.com<br>ddarwish@actslaw.com<br>gesfandi@actslaw.com<br>vsalazar@actslaw.com<br>*Attorneys for Plaintiffs* |

Daniel R. McNutt, Esq.
Matthew C. Wolf, Esq.
McNutt Law Firm, P.C.
drm@mcnuttlaw.com
lah@mcnuttlawfirm.com
mcw@mcnuttlaw.com
cliftonwolf@gmail.com
jnw@mcnuttlawfirm.com
*Attorney for Defendant Lopera*

☒  I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

/s/ Sherri Mong
an employee of Marquis Aurbach Coffing

MAC:14687-057 3383813_1 4/24/2018 10:12 AM