UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ESTATE OF TASHI S. FARMER, et al.,<br><br>Plaintiffs,<br>v.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 2:17-cv-01946-JCM-PAL<br><br>ORDER<br><br>(Stipulations – ECF No. 60, 61) |

Before the court are the parties' Stipulation (ECF No. 60) and Amended Stipulation and Proposed Order (ECF No. 61) regarding depositions of Detectives Trever Alsup and Marc Colon.

At a hearing conducted May 8, 2018, the court granted the parties' Stipulation for an Extension of Time (ECF No. 55). The stipulation and order extended the discovery cutoff until September 18, 2018. At the hearing the court granted the parties' request for a two-week extension to attempt to resolve remaining discovery disputes. Counsel for defendant indicated that he may seek to bifurcate defendant Officer Lopera from trial in this matter. A status and dispute resolution hearing was set for May 29, 2018 to resolve any remaining disputes.

On May 21, 2018, counsel for Officer Kenneth Lopera filed a Motion for Separate Trial (ECF No. 58) and Appendix (ECF No. 59). The parties submitted the current Stipulations (ECF Nos. 60, 61) on May 24, 2018, and May 25, 2018. The amended stipulation was filed late in the afternoon on Friday before the Memorial Day holiday. The stipulation memeorializes an agreement with respect to the scope of deposition testimony from Detectives Alsup and Colon in light of the ongoing criminal prosecution of defendant Lopera. The parties also requested that the court vacate the hearing scheduled for May 29, 2018, at 9:30 a.m., as a result of the stipulation resolving their remaining disputes.

Having reviewed and considered the matter, the court will grant the stipulation with one exception. Paragraph 3 of the stipulation provides "Once the criminal prosecution of Defendant Lopera has been concluded, either by complete acquittal at trial, Defendant's exhaustion of his appellate rights, or the dismissal of the charges with prejudice, counsel for Plaintiffs will be permitted to, and hereby reserves their right, to examine Alsup and Colon concerning any relevant matter about which Plaintiffs were previously unable to examine a witness due to this Stipulation."

The court will not enter Paragraph 3 of the stipulation as currently drafted. It would purportedly give counsel for plaintiffs the right to re-depose Alsup and Colon at any time no matter how long the criminal prosecution takes to conclude with all appellate rights exhausted. This could conceivably occur after the trial in this case has concluded.

Counsel for defendant Lopera has now filed a motion to bifurcate the trial which will be decided by the district judge. Lopera requests a separate trial from the trial of the other defendants in this case. The motion argues that because Lopera faces pending criminal charges, he must invoke his Fifth Amendment privilege against self-incrimination and is therefore unable to testify in this case in defense of himself. He argues it would be highly prejudicial for officer Lopera to be forced to go to trial with his co-defendants prior to the conclusion of his criminal case.

The district judge will decide whether or not to grant the motion to bifurcate. Once discovery in this case closes on September 12, 2018, the parties will have until October 11, 2018 to file dispositive motions. The joint pretrial order is due November 12, 2018 unless dispositive motions are timely filed, in which case the time for filing the joint pretrial order is suspended until 30 days after decision of dispositive motions. To the extent the parties seek approval of a stipulation to allow Alsup and Colon to be deposed at any time regardless of the procedural posture of this case, Paragraph 3 of the parties' stipulation is denied. The court will grant counsel for plaintiff an opportunity to re-depose Alsup and Colon on topics concerning other relevant matter no later than 30 days before trial in this civil action, but will not approve the parties' stipulation that could result in an indefinite future contingent date.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. The parties' Amended Stipulation (ECF No. 61) is **GRANTED with respect to Paragraphs 1, 2 and 4**.
2. The Amended Stipulation (ECF No. 61) is **DENIED with respect to Paragraph 3**. The court will grant plaintiffs the opportunity to re-depose Alsup and Colon concerning any of the relevant matter about which plaintiffs were previously unable to examine the witness due to their stipulation no later than 30 days prior to trial of this civil case.
3. The initial Stipulation (ECF No. 60) is **DENIED as Moot.**

DATED this 29th day of May, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE