# EXHIBIT 2

# Settlement Agreement

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made this 28 day of September, 2020 (the "Effective Date"), by the Estate of Tashi S. Farmer, by and through its Special Administrator; T███████████ F████ D████, a minor and E.████████ D████, a minor, by and through their Legal Guardian Stevandra Lk Kuanoni (hereinafter "Plaintiffs") and Las Vegas Metropolitan Police Department and its employees Travis Crumrine, Michael Tran, Michael Flores, and its former employee Kenneth Lopera (the "Defendants"). Plaintiffs and Defendants may collectively be referred to as the "Parties."

## RECITALS

WHEREAS, on or about July 18, 2017, Plaintiffs filed their Complaint in the United States District Court, State of Nevada, against Defendants, in Case No. 2:17-cv-01946-JCM (BNW) (the "Case"); and

WHEREAS, the parties desire to resolve the disputes between them and have come to an agreement in order to settle any and all disputes between them arising from the Case.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiffs and Defendants hereby agree as follows:

1. **Settlement Payment.** The Defendants shall pay Plaintiffs the total sum of Two Million Two Hundred Thousand Dollars and NO/100 ($2,200,000.00) (the "Settlement Payment");

   a. The Las Vegas Metropolitan Police Department shall pay Plaintiffs within thirty (30) days of the following items being provided:

      (1) Execution of this Agreement; and

      (2) Defendants' receipt of an IRS Form W-9, the form of which is attached as Exhibit A, properly completed by Plaintiffs and their counsel.

   Plaintiffs understand and agree that Plaintiffs are responsible for any and all taxes that may become due as a result of Plaintiffs' receipt of the Settlement Payment.

   b. Payments

      i. Payments due at the time of settlement as follows:

      Cash up front: $ _____ payable to _____ and _____

1

        ii.       Payment in the amount of $8,445.78 payable to Trinita Farmer for funeral expenses incurred and part of a Creditor's Claim in the Matter of the Estate of Tashi S. Farmer a/k/a Tashii Farmer a/k/a Tashii Brown (Case No. P-17-092002-E).

        iii.      Periodic payments made or caused to be made by Insurance Company of the State of Pennsylvania ("Insurer") through the purchase of annuity policies, according to the schedule as follows (the "Periodic Payments"):

    (1)    Annuity Issuer: Metropolitan Tower Life Insurance Company

        Annuity Assignee: MetLife Assignment Company, Inc.

        Annuity Cost: $623,590.00

        (i.)    Payee: B█ B█ D█

$50,000.00 guaranteed lump sum paid on September 17, 2033.
$75,000.00 guaranteed lump sum paid on September 17, 2036.
$100,000.00 guaranteed lump sum paid on September 17, 2039.
$125,000.00 guaranteed lump sum paid on September 17, 2042.
$150,000.00 guaranteed lump sum paid on September 17, 2045.

        (ii.)    Payee: T█ B█ F█ D█

$50,000.00 guaranteed lump sum paid on June 6, 2032.
$75,000.00 guaranteed lump sum paid on June 6, 2035.
$100,000.00 guaranteed lump sum paid on June 6, 2038.
$125,000.00 guaranteed lump sum paid on June 6, 2041.
$150,000.00 guaranteed lump sum paid on June 6, 2044.

    (2)    Annuity Issuer: Pacific Life Insurance Company

        Annuity Assignee: Pacific Life and Annuity Services, Inc.

        Annuity Cost: $367,964.22

        (i) Payee: B█ B█ D█

$20,000.00 annually guaranteed for 4 years (4 payments), beginning September 17, 2027, with the last guaranteed payment on September 17, 2030.

$809.37 monthly guaranteed for 18 years (216 payments), beginning September 17, 2027, with the last guaranteed payment on August 17, 2045.

(ii.) Payee: T███ B███ F███ D███

$20,000.00 annually guaranteed for 4 years (4 payments), beginning June 6, 2026, with the last guaranteed payment on June 6, 2029.

$682.84 monthly guaranteed for 18 years (216 payments), beginning June 6, 2026, with the last guaranteed payment on May 6, 2044.

All sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

2. Payee's Rights to Payments

Plaintiffs acknowledge that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiffs or any Payee; nor shall the Plaintiffs or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

3. Payee's Beneficiary

Any payments to be made after the death of Payees pursuant to the terms of this Agreement shall be made to the Estate of the respective Payee until age of majority, unless otherwise court ordered. Upon reaching the age of majority, Payees may designate any such person or entity as beneficiary in writing to the Insurer or Insurer's Assignee. If no such person or entity is so designated by Payees, or if the person designated is not living at the time of respective Payee's death, such payments shall be made to the Estate of the respective Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer or Insurer's Assignee. The designation must be in a form acceptable to the Insurer or Insurer's Assignee before such payments are made, but in no event shall the request of the Payee be unreasonably withheld or denied.

4. Consent to Qualified Assignment

a. Plaintiffs acknowledge and agrees that the Defendants and/or the Insurer will make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendants' and/or Insurer's liability to make the Periodic Payments set forth in Section 1b(iii) to the respective Assignee. The respective Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendants and/or Insurer

3

(whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligations.

    b.    Any such assignment shall be accepted by the Plaintiffs without right of rejections and shall completely release and discharge the Defendants and the Insurer from the Periodic Payments obligations assigned to the Assignees. The Plaintiffs recognize that, in the event of such assignments, the respective Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendants and the Insurer shall thereupon become final, irrevocable and absolute.

    5.    Right to Purchase an Annuity

The Defendants and/or Insurer, itself or through its respective Assignee reserves the right to fund the liability to make the respective Periodic Payments through the purchase of an annuity policy from the respective Annuity Issuer. The Defendants, Insurer, or the respective Assignee shall be the sole owner of the respective annuity policy and shall have all rights of ownership. The Defendants, Insurer, or the respective Assignee may have the respective Annuity Issuer mail payments directly to the Payee(s). Payee(s) shall be responsible for maintaining a current mailing address with the Annuity Issuers.

    6.    Discharge of Obligation

The obligations of the Defendants, Insurer, and/or respective Assignee to make each respective Periodic Payment shall be discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the designated address of the Payee(s) named in Section 1b(iii) of this Settlement Agreement. If a Payee notifies an Assignee that any check or electronic funds transfer was not received, the respective Assignee shall direct the respective Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the respective Annuity Issuer process a replacement payment.

    4.    Dismissal of Complaint. Plaintiffs agree to dismiss with prejudice all of Plaintiffs' claims in the Complaint against Defendants, their predecessors, heirs, executors, administrators, successors, assigns, current and former officers, directors, stockholders, agents, employees, current and former subsidiaries, unincorporated divisions, affiliated corporations, franchisors, attorneys and insurance companies, to settle any and all disputes associated with the aforementioned litigation in the Case.

    5.    No Admission/Non-Disparagement. It is understood and agreed that the terms and compromises contained herein are not to be construed as an admission of liability on the part of the Defendants, that this Agreement is in compromise and settlement of any claim which is not admitted but is denied and disputed, and this Agreement is being made voluntarily and not based on representations or statements of any kind made by any of the parties or their representatives as to the merits, legal liability, or value of the claim or any other matter relating thereto. Further, the parties agree not to make any disparaging comments about the parties in this Case. Disparaging

4

comments, for purposes of this Agreement, shall mean comments or statements that are not supported by fact.

6. Release.

a. The Parties do hereby fully release, acquit, and forever discharge each other and, their respective administrators, successors, assigns, current and former officers, directors, agents, employees, attorneys, and insurance companies from any and all known and unknown claims, judgments, damages, liabilities, actions, causes of action, and suits for damages at law and in equity, filed or otherwise, which the Parties now have or may have against the each other which in any way directly or indirectly relate to any of the facts and circumstances surrounding the dispute between them in the Case.

b. For purposes of clarity, the Release provided herein includes any claims by the Las Vegas Metropolitan Police Department and its insurance carrier(s) against Kenneth Lopera for any claims from the beginning of time until the Effective Date.

c. Plaintiffs additionally do hereby fully release, defend and indemnify the Defendants from any and all of the Decedent's medical liens and attorney liens that may have attached in relation to the Case, but only as it relates to medical treatment and/or legal aid rendered in furtherance of and/or related to this Case.

d. Plaintiffs and Defendants acknowledge that they are aware they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Agreement but that it is their intention to finally and forever release any and all of the matters as set forth herein and that, in furtherance of such intention, the Release herein given shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

e. Plaintiffs agree that the payment made by Defendants includes any claims for attorneys' fees and costs arising under 42 U.S.C. § 1988 in which Plaintiffs may have an interest, whether that interest be possessed by Plaintiffs, or whether it be transferred, assigned, bartered, exchanged, sold, or otherwise transferred to either the undersigned or any third party.

f. This Release does not affect any claim for fees which may exist between Plaintiffs and their legal counsel. However, it does hereby fully release, acquit and forever discharge the Defendants and all other persons, firms, associations, attorneys, insurers, and corporations, interested and concerned, of and from all known and unknown claims, actions, causes of action and suits for damages, at law and in equity, filed or otherwise, for attorneys' fees, or costs and expenses that Plaintiffs or their counsel now have or hereafter acquire. This Release specifically includes, but is not limited to, any claim for attorney's fees and/or costs arising out of 42 U.S.C. § 1988, or any other federal or state statute. The Parties expressly recognize that this release has no bearing on the Trinita Farmer v. Las Vegas Metropolitan Police Department, et al., Case Number 2:18-cv-00860-GMN-VCF matter.

7. <u>Warranties and Representations</u>. Plaintiffs warrant, represent, covenant, and agree:

   a. that Plaintiffs have not sold, assigned, granted or transferred to any other person, firm, corporation or entity, any claim, counterclaim, demand or cause of action occurring, arising, or existing prior to the date of this Agreement which Plaintiffs have, claim to have, or may have against the Defendants;

   b. that no other person, firm, corporation, or entity has any right or ownership in or to any claim, counterclaim, demand or cause of action occurring, arising or existing prior to the date of this Agreement which Plaintiffs have, claim to have, or may have had against the Defendants as set forth herein.

8. <u>Contribution and Discharge</u>. This Agreement is given pursuant to the terms of NRS 17.225 and 17.245 and shall be construed to be in compliance with such terms such that parties hereto shall be entitled to the protection that such statutory provisions afford them as settling parties. Plaintiffs understand and agree that the Defendants are discharged from all liability for contribution and for equitable indemnity to a third-party, if any, related to the Case.

9. <u>Miscellaneous</u>.

   a. <u>Notices</u>. Any and all notices or demands by any party hereto to any other party, required or desired to be given hereunder shall be in writing and shall be validly given or made if served personally, delivered by a nationally recognized overnight courier service or if deposited in the U.S. Mail, certified, return receipt requested, postage prepaid, addressed as follows:

   If to Plaintiffs:    Boris Treyzon, Esq.
                        Abir Cohen Treyzon Salo, LLP
                        16001 Ventura Blvd., Ste. 200
                        Encino, CA 91436

   If to Defendants:    Ruth Miller, Esq.
                        Risk Management
                        Las Vegas Metropolitan Police Department
                        Office of Legal Affairs
                        400 S. Martin Luther King Blvd., Bldg. B
                        Las Vegas, NV 89106

   With a copy to:      Craig R. Anderson, Esq.
                        Marquis Aurbach Coffing
                        10001 Park Run Drive
                        Las Vegas, NV 89145

                        Daniel R. McNutt, Esq.
                        McNutt Law Firm
                        625 S. Eighth Street
                        Las Vegas, NV 89101

6

Any party hereto may change its address for the purpose of receiving notices or demands as hereinabove provided by a written notice given in the manner aforesaid to the other party. All notices shall be as specific as reasonably necessary to enable the party receiving the same to respond thereto.

      b.    Governing Law. The laws of the State of Nevada applicable to contracts made in that State, without giving effect to its conflict of law rules, shall exclusively govern the validity, construction, performance and effect of this Agreement.

      c.    Consent to Jurisdiction. Each party hereto consents to the jurisdiction of the state and federal courts located within Clark County, Nevada in the event any action is brought for declaratory relief or enforcement of this Agreement. Notwithstanding the foregoing, any disputes regarding the enforcement of this Agreement shall be submitted to binding arbitration before the Hon. Peggy Leen (Ret.) on an expedited basis so long as she is willing and able to arbitrate any such matter.

      d.    Attorney Fees. Unless otherwise specifically provided for herein, each party hereto shall bear its own attorney fees and costs incurred during the course of this litigation and in the negotiation and preparation of this Agreement and any related documents. However, in the event that any action or proceeding is instituted to interpret or enforce the terms and provisions of this Agreement, the prevailing party shall be entitled to its costs and attorney fees, in addition to any other relief it may obtain or be entitled to.

      e.    Interpretation. In the interpretation of this Agreement, this Agreement shall be construed without regard to any presumptions or other rule requiring construction against the party who caused the Agreement to be drafted; the singular may be read as the plural, and *vice versa*; the neuter gender as the masculine or feminine, and *vice versa*; and the future tense as the past or present, and *vice versa*; all interchangeably as the context may require in order to fully effectuate the intent of the parties and the agreement contemplated herein. Paragraph headings are for convenience of reference only and shall not be used in the interpretation of the Agreement.

      f.    Entire Agreement. This Agreement sets forth the entire understanding of the parties, and supersedes all previous agreements, negotiations, memoranda, and understandings, whether written or oral. Plaintiffs hereby acknowledges that no one has made any promise, representation or warranty whatsoever, expressed or implied or statutory, not contained herein to induce them to execute this Agreement and hereby further acknowledges that Plaintiffs have not executed this Agreement on the reliance of any promise, representation or warranty not contained herein.

      g.    Amendment. This Agreement shall not be modified, amended or changed in any manner unless in writing executed by the parties.

      h.    Waivers. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver, and no waiver shall be binding unless evidenced by an instrument in writing and executed by the party making the waiver.

i. **Invalidity.** If any term, provision, covenant or condition of this Agreement, or any application thereof, should be held by a Court of competent jurisdiction to be invalid, void or unenforceable, that provision shall be deemed severable and all provisions, covenants, and conditions of this Agreement, and all applications thereof not held invalid, void or unenforceable, shall continue in full force and effect and shall in no way be affected, impaired or invalidated thereby.

j. **Counterparts.** This Agreement may be executed in multiple counterparts, which together shall constitute one and the same document. Facsimile copies shall have the same force and effect and original copies.

k. **Negotiated Agreement.** This is a negotiated agreement. All parties have participated in its preparation. In the event of any dispute regarding its interpretation, it shall not be construed for or against any party based upon the grounds that the Agreement was prepared by any one of the parties.

l. **Recitals.** The recitals set forth above are incorporated herein and made a part hereof.

m. **Binding on Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of the heirs, executors, administrators, franchisors, estates, servants, agents, employees, affiliates, personal representatives, insurance companies, successors and assigns of Plaintiffs and the Defendants in the Case.

n. **Time of Essence:** Time is of the essence of this Agreement and all of its provisions.

o. **Further Assurance:** The parties agree to execute any and all documents, instruments and papers necessary to carry out the intent of this Agreement.

p. **Authority.** Each party has the right, power, legal capacity and authority to enter into, and perform its respective obligations under this Agreement, including the execution of this Agreement, and no approvals or consent of any other person(s) or entities is necessary in connection with the execution of this Agreement, and when so signed, this Agreement will be a binding and subsisting obligation of Plaintiffs and the Defendants.

q. This settlement is conditioned upon the approval by (a) The Fiscal Affairs Committee as to the expenditure of the LVMPD self-insured retention and (b) the applicable court for any minor's compromise.

IN WITNESS WHEREOF, the parties have entered into this Agreement as of the Effective Date.

| | |
|---|---|
| Estate of Tashi S. Farmer, by and through its Special Administrator | Las Vegas Metropolitan Police Department; |

By: ___*Margaret Callister-Thuet*___
     Margaret Callister-Thuet

By: _____
     Sheriff Joseph Lombardo

T.B. Kuumeali'makame Farmer Duarte, a minor, by and through her Legal Guardian Stevandra Lk Kuanoni

Kenneth Lopera

By: ___*[signature]*___

By: ___*Kenneth Lopera*___
     Kenneth Lopera

E.B. Kaimipono Duarte, a minor, by and through his Legal Guardian Stevandra Lk Kuanoni

By: ___*[signature]*___

**APPROVED AS TO FORM AND CONTENT:**

MARQUIS AURBACH COFFING

By: _____
     Craig R. Anderson, Esq.
     10001 Park Run Drive
     Las Vegas, NV 89145
     Attorney for Defendants LVMPD; Sgt. Crumrine; Ofc. Tran and Ofc. Flores

**APPROVED AS TO FORM AND CONTENT:**

MCNUTT LAW FIRM

By: _____
     Daniel R. McNutt, Esq.
     625 S. Eighth Street
     Las Vegas, NV 89101
     Attorney for Defendant Lopera

**APPROVED AS TO FORM AND CONTENT:**

ABIR COHEN TREYZON SALO, LLP

By: _____
     Boris Treyzon, Esq.
     16001 Ventura Blvd., Ste. 200
     Encino, CA 91436
     Attorney for Plaintiffs

IN WITNESS WHEREOF, the parties have entered into this Agreement as of the Effective Date.

Estate of Tashi S. Farmer, by and through its Special Administrator

By: _____Margaret Callister-Thuet_____
Margaret Callister-Thuet

T.B. Kuumeali'makame Farmer Duarte, a minor, by and through her Legal Guardian Stevandra Lk Kuanoni

By: _____[signature]_____

E.B. Kaimipono Duarte, a minor, by and through his Legal Guardian Stevandra Lk Kuanoni

By: _____[signature]_____

Las Vegas Metropolitan Police Department;

By: _____
Sheriff Joseph Lombardo

Kenneth Lopera

By: _____

**APPROVED AS TO FORM AND CONTENT:**

MARQUIS AURBACH COFFING

By: _____
Craig R. Anderson, Esq.
10001 Park Run Drive
Las Vegas, NV 89145
Attorney for Defendants LVMPD; Sgt. Crumrine; Ofc. Tran and Ofc. Flores

**APPROVED AS TO FORM AND CONTENT:**

ABIR COHEN TREYZON SALO, LLP

By: _____[signature]_____
Boris Treyzon, Esq.
16001 Ventura Blvd., Ste. 200
Encino, CA 91436
Attorney for Plaintiffs

**APPROVED AS TO FORM AND CONTENT:**

MCNUTT LAW FIRM

By: _____
Daniel R. McNutt, Esq.
625 S. Eighth Street
Las Vegas, NV 89101
Attorney for Defendant Lopera